**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| LYDIA BROWN, Individually, and on Behalf of All Others Similarly Situated, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10 C 5672 |
| v. | ) | Judge Amy J. St. Eve |
| | ) | |
| LULULEMON ATHLETICA, INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF
<u>MOTION TO DISMISS THIRD AMENDED COMPLAINT</u>**

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ........................................................................................................... 1

II.     FACTUAL BACKGROUND............................................................................................. 2

III.     PLEADING STANDARDS............................................................................................... 3

IV.     ARGUMENT ................................................................................................................... 4

        A.     Count I Should Be Dismissed With Prejudice Because Plaintiff Once Again Fails To Present A "Contract" Or "Agreement" For Compensation, As Expressly Required Under The IWPCA........................................................... 4

        B.     Count II Should Be Dismissed With Prejudice Because Plaintiff Has Not And Cannot Plead That The Alleged Unpaid Nonovertime Activities Caused Her To Earn On Average Less Than The Applicable Minimum Wage For All Hours Worked As Required Under The FLSA.............................. 5

V.     CONCLUSION................................................................................................................ 8

# TABLE OF AUTHORITIES

**Page**

CASES

*Abbe v. City of San Diego*, Nos. 05cv1629 DMS (JMA), 06cv0538 DMS (JMA), 2007
    WL 4146696 ............................................................................................................................6

*Ashcroft v. Iqbal*,
    129 S.Ct. 1937 (2009).......................................................................................................3, 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544, 127 S.Ct. 1955 (2007).................................................................................3, 7

*Blue v. The Chubb Group*,
    No. 03 C 6692, 2005 WL 1667794 (N.D.Ill.) (Nolan, J.)........................................................5

*Byung Moo Soh v. Target Marketing Systems, Inc.*,
    353 Ill.App.3d 126, 817 N.E.2d 1105 (1st Dist. 2004)...........................................................5

*Chinchilla v. SPX Corp.*,
    No. 05 C 0814, 2005 WL 2405796 (N.D.Ill.) (Schenkier, J.)..................................................4

*Hallinan v. Fraternal Order of Police of Chicago Lodge No. 7*,
    570 F.3d 811 (7th Cir. 2009) ..............................................................................................3

*Ladegaard v. Hard Rock Concrete Cutters, Inc.*,
    No. 00 C 5755, 2004 WL 1882449 (N.D.Ill.) (Lefkow, J.) .....................................................7

*Monahan v. County of Chesterfield, Va.*,
    95 F.3d 1263 (4th Cir. 1996) ..............................................................................................6

*Monger v. Cactus Salon & SPA's LLC*,
    No. 08-CV-1817, 2009 WL 1916386 (E.D.N.Y. July 6, 2009)................................................6

*Nicholson v. UTi Worldwide, Inc.*,
    No. 3:09-cv-722-JPG-DGW, 2010 WL 551551 (S.D.Ill. Feb. 12, 2010)................................8

*O'Brien v. Encotech Const.*,
    No. 00-CV-1133, 2004 WL 609798 (N.D.Ill.) (Gottschall, J.)................................................7

*Pautlitz v. City of Naperville*,
    No. 89 C 8855, 1991 WL 33658 (N.D.Ill.) (Plunkett, J.) .......................................................4

*Reger Dev., LLC v. Nat'l City Bank*,
    592 F.3d 759 (7th Cir. 2010) ..............................................................................................3

*Stark v. PPM Am., Inc.*,
    354 F.3d 666 (7th Cir. 2004) ..............................................................................................4

**TABLE OF AUTHORITIES**

(continued)

Page

*Thrower v. Peach County, Georgia, Bd. of Educ.*,
   No. 5:08-CV-176 (MTT), 2010 WL 4536997 (M.D. Ga. November 2, 2010) ........................6

*Zabinsky v. Gelber Group, Inc.*,
   347 Ill.App.3d 243, 807 N.E.2d 666 (1st Dist. 2004).................................................................4


**STATUTES**

Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*.................................................1

820 ILCS 115/2...................................................................................................................................4

820 ILCS 115/5...................................................................................................................................4

Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ........................................................................1

29 U.S.C. §§ 206, 207........................................................................................................................5

29 U.S.C. § 216(b)..............................................................................................................................5


**OTHER AUTHORITIES**

Fed.R.Civ.P. 8(a)(2)........................................................................................................................3, 7

Federal Rule of Civil Procedure 12(b)(6) .................................................................................1, 3, 5

TAC at ¶ 5.........................................................................................................................................2

TAC at ¶ 11.......................................................................................................................................2

TAC at ¶ 12.......................................................................................................................................2

TAC at ¶ 35.......................................................................................................................................5

TAC at ¶ 37.......................................................................................................................................6

Defendant lululemon athletica, Inc. ("Defendant"), by and through its counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), submits this memorandum in support of its motion to dismiss the Third Amended Complaint ("TAC").

## I.     Introduction

The latest amended pleading filed by plaintiff Lydia Brown ("Plaintiff") fares no better than her previous two deficient attempts.  Plaintiff states in her TAC that Defendant allegedly required her and other sales clerks to perform certain unpaid activities, in purported violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq*. ("IWPCA") and the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA").  Despite having *three* opportunities, however, Plaintiff cannot present a legally viable claim under either statute.  Defendant should not have to bear the cost and expense of defending and dismissing a fourth attempt.

In Count I of the TAC, which purports to bring an IWPCA claim on behalf of herself and other Illinois sales clerks, Plaintiff -- once again -- fails to allege the existence of an "employment contract or agreement" between her and Defendant, let alone an agreement whereby the parties agreed that Defendant would compensate her for certain allegedly unpaid activities, as required by the statute.  Defendant pointed out this fatal deficiency in prior dismissal papers, yet Plaintiff has steadfastly refused to present her underlying written employment agreement, or allege the existence of some other mutual agreement.  Under controlling Illinois precedent, if Plaintiff fails to plead that Defendant is obligated to compensate her for such activities "pursuant to an employment contract or agreement between the 2 parties," she cannot state a claim under the IWPCA as a matter of law.

Count II, which purports to bring an FLSA claim on behalf of Plaintiff and a collective nationwide class of sales clerks, is equally deficient.  To establish a claim under the FLSA for

alleged unpaid nonovertime wages, Plaintiff must show that when the alleged hours performing such activities are divided into her weekly wages, she earned below the minimum wage, *i.e.*, $7.25 per hour.  There are no such allegations anywhere in the TAC.  This omission is telling, because it would be practically impossible for Plaintiff -- who earned $10.00 per hour as an educator -- to allege that the handful of alleged unpaid hours at issue during the three weeks that she was allegedly employed by Defendant, *i.e.*, time for attending one staff meeting, two or three exercise classes, and listening to a one-hour motivational CD, caused her to earn an average of less than $7.25 per hour for all hours worked.  Because Plaintiff's factual employment circumstances could never support a minimum wage claim under the FLSA, granting leave to amend a fourth time would be futile.  The TAC should be dismissed with prejudice.

## II.    Factual Background

Plaintiff alleges that she was employed by Defendant as an "educator" (*i.e.*, sales clerk) from May 18, 2010 to June 8, 2010, a mere **twenty-day** period. TAC at ¶ 5.  According to Plaintiff, "educators were expected to put in several hours of work each week for which they were not paid." TAC at ¶ 11.  With respect to Plaintiff, the TAC states:

> Ms. Brown, for example, was required to attend a staff meeting at her store manager's home for which she was not compensated. Ms. Brown also attended at least one exercise class per week of employment and took home and listened to at least one hour motivational CD.

TAC at ¶ 12.  The TAC further alleges that Defendant's alleged failure to compensate Plaintiff for these "nonovertime hours" violated both the IWPCA and FLSA.  TAC at ¶¶ 32, 37.

Plaintiff does not allege in the TAC that she and Defendant ever contracted or otherwise mutually agreed that she would be compensated for these activities.  Nor does Plaintiff allege

that these activities, *i.e.*, the one home staff meeting, the three exercise classes and the one-hour

motivational CD, caused her to earn on average less than $7.25 per hour for all hours worked.

### III. Pleading Standards

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a

claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chicago

Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must

include "a short and plain statement of the claim showing that the pleader is entitled to relief."

Fed.R.Civ.P. 8(a)(2). The short and plain statement must "give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

545, 127 S.Ct. 1955, 1959 (2007) (quotations omitted); *Reger Dev., LLC v. Nat'l City Bank*, 592

F.3d 759, 764 (7th Cir. 2010).

Under the federal notice-pleading standard, a plaintiff's "[f]actual allegations must be

enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 545, 127

S.Ct. at 1959. Put differently, a "complaint must contain sufficient factual matter, accepted as

true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937,

1949 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1960).

# IV. <u>Argument</u>

A. **Count I Should Be Dismissed With Prejudice Because Plaintiff Once Again Fails To Present A "Contract" Or "Agreement" For Compensation, As Expressly Required Under The IWPCA.**

The IWPCA requires employers to "pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee." 820 ILCS 115/5. The IWPCA defines "final compensation" as any monies owed to an employee pursuant to an "employment contract or agreement:"

> Payments to separated employees shall be termed "final compensation" and shall be defined as wages, salaries, earned commissions, earned bonuses, and the monetary equivalent of earned vacation and earned holidays, and any other compensation owed the employee by the employer *pursuant to an employment contract or agreement between the 2 parties*.

820 ILCS 115/2 (emphasis added).[1] Thus, to state a claim for final compensation under the IWPCA, Plaintiff, a former employee, must allege the existence of a right to compensation pursuant to an "employment contract or agreement."

This court routinely rejects IWPCA claims that fail to satisfy this threshold statutory requirement. *See, e.g., Stark v. PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (rejecting IWPCA claim for unpaid bonus where plaintiff "ha[d] no employment contract setting out the terms of his bonus"); *Chinchilla v. SPX Corp.*, No. 05 C 0814, 2005 WL 2405796 at *9 (N.D.Ill.) (Schenkier, J.) (dismissing complaint because "[w]ithout an alleged employment contract or other agreement, plaintiff's [IWPCA] claim fails."); *Pautlitz v. City of Naperville*,

---

[1] "An 'agreement' is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons . . . ." *Zabinsky v. Gelber Group, Inc*., 347 Ill.App.3d 243, 249, 807 N.E.2d 666, 671 (1st Dist. 2004).

No. 89 C 8855, 1991 WL 33658 at *3 (N.D.Ill.) (Plunkett, J.) ("[B]ecause they have not alleged an 'agreement,' we dismiss Count III [for violation of IWPCA] with prejudice."). The existence of a contract or agreement is critical at the pleading stage because the IWPCA "merely requires that the employer honor his contract; it does not confer rights to compensation *in the absence of a contract*." *Blue v. The Chubb Group*, No. 03 C 6692, 2005 WL 1667794 at *16 (N.D.Ill.) (Nolan, J.) (citations and quotations omitted) (emphasis added). Indeed, Illinois courts recognize that IWPCA claims are "akin to breach of contract actions." *Byung Moo Soh v. Target Marketing Systems, Inc*., 353 Ill.App.3d 126, 129, 817 N.E.2d 1105, 1108 (1st Dist. 2004).

Here, Plaintiff, a separated employee, fails to allege that her employment contract, or some other manifestation of mutual assent between her and Defendant, somehow entitles her to compensation for recreational-type activities such as "exercising" or "listening to inspirational DVD's at home." Indeed, she fails to present her own written employment agreement, a tacit acknowledgement that no such agreement exists. This is not the first pleading where Plaintiff has refused to present such an agreement, despite being prompted by Defendant to do so. Accordingly, Count I should be dismissed with prejudice under Rule 12(b)(6).

**B.** **COUNT II SHOULD BE DISMISSED WITH PREJUDICE BECAUSE PLAINTIFF HAS NOT AND CANNOT PLEAD THAT THE ALLEGED UNPAID NONOVERTIME ACTIVITIES CAUSED HER TO EARN ON AVERAGE LESS THAN THE APPLICABLE MINIMUM WAGE FOR ALL HOURS WORKED AS REQUIRED UNDER THE FLSA.**

In Count II, Plaintiff brings a claim under the FLSA "to be compensated for all work time spent at the direction of, and for the benefit of, her employer, lululemon." TAC at ¶ 35. The FLSA, however, does not provide a remedy for "all" unpaid work time; it only provides remedies for violation of minimum wage and overtime laws. 29 U.S.C. §§ 206, 207 (setting forth requirements for overtime and minimum wage); 29 U.S.C. § 216(b) (providing damages in the

amount of unpaid minimum wages or unpaid overtime). Plaintiff expressly acknowledges in the TAC that she is seeking only to recover for unpaid nonovertime hours: "By failing to pay Plaintiff and the FLSA Class for these ***nonovertime*** hours, Defendant violated the FLSA." <u>TAC</u> at ¶ 37 (emphasis added). Thus, Plaintiff can only bring an FLSA claim for alleged minimum wage violations. No such allegations exist.

Federal courts routinely reject FLSA claims for alleged unpaid nonovertime work that do not establish minimum wage violations within the scope of the Act, commonly referred to by the courts as "gap time." *See, e.g.*, *Thrower v. Peach County, Georgia, Bd. of Educ.*, No. 5:08-CV-176 (MTT), 2010 WL 4536997 at *5 (M.D. Ga. November 2, 2010) (holding that the "FLSA only governs minimum wage and overtime pay violations" and recognizing "the widely-accepted rule of law that employers are not obligated under the FLSA to compensate employees for 'gap time,' as long as the employees receive at least the statutory minimum wage for all nonovertime hours worked."); *Monger v. Cactus Salon & SPA's LLC*, No. 08-CV-1817, 2009 WL 1916386, at *1 (E.D.N.Y. July 6, 2009) ("It does not matter that an employee is required to work 'off-the-clock' for any given number of hours if her pay for the entire week is sufficient to maintain the statutory hourly rate when averaged over all the hours worked during that week."); *Abbe v. City of San Diego*, Nos. 05cv1629 DMS (JMA), 06cv0538 DMS (JMA), 2007 WL 4146696, at *14 (S.D. Cal. Nov. 9, 2007) ("unless Plaintiffs can establish a minimum wage violation, they have no claim under the FLSA for gap time pay"); *Monahan v. County of Chesterfield, Va.*, 95 F.3d 1263, 1276 (4th Cir. 1996) (finding that county's failure to pay officer for the time it takes him to put gas in his patrol car prior to roll call in addition to the time it takes to go to the property room to recover physical evidence prior to court appearances "is not the evil of overwork and underpay that the FLSA was intended to remedy.").

Like the courts cited above, this Court recognizes that "gap time" is not actionable under the FLSA absent allegations of minimum wage violations:

> Courts have used the term "gap time" to refer to time that is not covered by the …[FLSA] minimum wage provisions because, even though the work is uncompensated, the employees are still being paid a minimum wage when their salaries are averaged across their actual time worked.

*Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00 C 5755, 2004 WL 1882449 at *5 (N.D.Ill.) (Lefkow, J.) (granting summary judgment in favor of employer on straight "gap time" claims where such alleged time did not implicate FLSA minimum wage provisions); *O'Brien v. Encotech Const.*, No. 00-CV-1133, 2004 WL 609798 at *6 (N.D.Ill. 2004) (Gottschall, J.) (dismissing FLSA claims where there was no contention that any plaintiff received less than minimum wage for all hours worked) (citations and quotations omitted). Thus, to bring an FLSA claim for "gap time," Plaintiff must show that when the alleged hours worked are divided into her weekly wages, the regular rate falls below the minimum wage, *i.e.*, $7.25 per hour. Yet there are no facts in the TAC to support such a claim.

Even the liberal Rule 8(a)(2) pleading standard requires Plaintiff to plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Moreover, the short and plain statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 545, 127 S.Ct. at 1959 (quotations omitted). Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S.Ct. at 1960). Here, the absence of any minimum wage allegations leaves the Court and the parties to speculate whether these alleged few hours of

uncompensated activities caused Plaintiff – or any other sales clerk -- to earn less than $7.25 per hour for all hours worked.  In sum, Plaintiff has not pleaded a claim to relief that is plausible on its face. *See Nicholson v. UTi Worldwide, Inc.*, No. 3:09-cv-722-JPG-DGW, 2010 WL 551551 at *5 (S.D.Ill. Feb. 12, 2010) (dismissing FLSA minimum wage claims where employee "has not pled any facts to plausibly suggest that in any week his real hourly wage was less than [minimum wage].").

And not only is the claim *implausible*; it is *impossible*.  Plaintiff earned $10.00 per hour as an educator.  As such, she could never logically establish that during her three weeks of employment the few hours of alleged uncompensated activities in the TAC (*i.e.*, one staff meeting, three exercise classes and one 60-minute motivational CD) caused her to earn less than an average of $7.25 per hour for all alleged hours worked, as required under the FLSA.  Count II should be dismissed with prejudice.

## V.    Conclusion

To state a claim against Defendant under the IWPCA, Plaintiff must allege the existence of a contract or agreement that promised her compensation for certain activities that she performed.  To state a claim under the FLSA, Plaintiff must allege that such activities caused her to earn on average less than minimum wage for all hours worked.  No well-pleaded facts exist in the TAC to support either claim, nor do any facts exist to support either claim.  Plaintiff had three attempts to properly plead a viable cause of action; any further attempts would be futile and prejudicial to Defendant.  Counts I and II of the TAC should be dismissed with prejudice.

January 3, 2011                               Respectfully submitted,

                                              LULULEMON USA, INC.


                                         By: /s/ Joseph Collins
                                             One of Its Attorneys


Joseph E. Collins
DLA Piper LLP (US)
203 N. LaSalle Street, Suite 1900
Chicago, IL 60601-1293
(312) 368-4000

Merrill F. Storms, Jr.
DLA Piper LLP (US)
401 B Street, Suite 1700
San Diego, CA 92101-4297
(619) 699-3526

Amy E. Beckstead
DLA Piper LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX 78701
(512) 457-7077

<u>**CERTIFICATE OF SERVICE**</u>

Joseph Edward Collins, an attorney, certifies that on January 3, 2011, he caused the foregoing **DEFENDANT'S MOTION TO DISMISS THIRD AMENDED COMPLAINT** and **DEFENDANT'S MEMORANDUM IN SUPPORT OF MOTION TO DISMISS THIRD AMENDED COMPLAINT** to be filed electronically with the Court, such that notice of this filing will be sent by operation of the Court's electronic filing system to all ECF registered parties which, on information and belief, include the parties set forth below:

Terrence Buehler
Touhy, Touhy, Buehler & Williams, LLP
55 W. Wacker Drive Suite 1400
Chicago IL 60601
(312) 372-2209

Vincent DiTommaso
Peter S. Lubin
DiTommaso-Lubin P.C.
17 W 220 22nd Street, Suite 200
Oakbrook Terrace, IL 60181
(630) 333-0000

/s/ Joseph Edward Collins