IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LYDIA BROWN, Individually, and on Behalf of All Others Similarly Situated, | ) ) ) | |
| Plaintiffs, | ) ) | No. 10 C 05672 |
| v. | ) ) | Hon. Amy J. St. Eve |
| LULULEMON ATHLETICA, INC., a Delaware corporation, | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

AMY J. ST. EVE, District Court Judge:

Plaintiff Lydia Brown ("Brown") brought a purported class- and collective-action lawsuit against Defendant Lululemon Athletica, Inc. ("Lululemon"), on September 7, 2010. (R. 1.) In her Third Amended Complaint ("the Complaint"), Brown alleges that Lululemon employed her from May 18, 2010, to June 8, 2010, during which time Defendant failed to pay her for all the hours she worked. (R. 34.) More specifically, Brown alleges that Lululemon required her to attend a staff meeting, to attend one exercise class per week, and to listen to a motivational CD. (*Id.* at 3.) The Complaint seeks to bring a class action under the Illinois Wage Payment and Collection Act ("IWPCA") and a collective action under the Fair Labor Standards Act ("FLSA"). (*Id.* at 1, 4-10.)

Defendant filed a motion to dismiss the Complaint on January 3, 2011, arguing that Brown has failed both to allege the existence of an "employment contract or agreement," which precludes a violation of the IWPCA, and to allege that her average compensation per hour is below the minimum wage, without which showing she cannot establish a violation of the FLSA.

(R. 35; R. 36.) Brown's January 31, 2011, response argues that the Complaint adequately alleges the existence of an employment agreement. (R. 38.) Although she acknowledges that a number of decisions have held that an employer cannot violate the FLSA by having its employees undertake certain uncompensated work if its average compensation of those employees meets or exceeds the minimum wage, Brown argues that cases that have reached an opposite conclusion are better reasoned. (*Id.*)

For the reasons discussed below, the Court grants Lululemon's motion to dismiss, without prejudice.

## BACKGROUND

Brown filed the instant lawsuit on September 7, 2010. (R. 1.) The next day, the Court entered an order requiring Plaintiff to file an amended complaint because she had failed to allege subject-matter jurisdiction. (R. 3.) After Brown filed her first amended complaint, Lululemon filed a motion to dismiss. (R. 24.) The same day that she filed a response motion in opposition to Defendant's motion to dismiss, Brown filed a motion for leave to file her second amended complaint. (R. 29; R. 30.) The Court granted the latter motion on December 6, 2010. (R. 33.) Plaintiff then filed the Complaint that is now the subject of Defendant's renewed motion to dismiss. (R. 34.)

Brown alleges that Lululemon employed her as an educator/sales clerk in its Halsted Street, Chicago store from May 18, 2010, to June 8, 2010. (R. 34 at 2.) She purports to bring class and collective actions to recover unpaid compensation, statutory penalties, and damages

owed to her and other educators formerly or currently employed by Lululemon in Illinois.[1] (*Id.* at 2-3.)  Plaintiff further contends that Lululemon required its educators "to put in several hours of work each for which they were not paid.  For example, educators were required to take at least one exercise class per week and they were strongly encouraged to take as many as three.  The company held two hour staff meetings at least once a month.  And, [*sic*] educators were required to listen to inspirational CD's [*sic*] at home on their own time." (*Id.* at 3.)  The Complaint alleges that "[a]ll of these activities were job related and the educators should have been paid for them." (*Id.*)

Brown seeks to bring a Rule 23(b)(3) class action against Defendant under the IWPCA and a collective action under the FLSA.  (R. 34 at 4-10.)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009).  Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  As the Seventh Circuit recently explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross,* 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 514 (2002)).  This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon

---

[1] The Court denied Plaintiff's motion for class certification without prejudice as premature on October 25, 2010.  (R. 28.)

which it rests." *Bell Atl. v. Twombly,* 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (explaining that the amount of factual allegations required to state a plausible claim for relief depends on the complexity of the relevant legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009) (holding that the court must construe the complaint in the light most favorable to the plaintiff, drawing all reasonable inferences in the plaintiff's favor).

## ANALYSIS

### I.  The Complaint Fails to State a Claim Under the IWPCA

The Illinois Wage Payment and Collection Act provides that "[p]ayments to separated employees shall be termed 'final compensation' and shall be defined as . . . any compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties." 820 ILL. COMP. STAT. 115/2. Lululemon observes that an employee cannot bring an action under the IWPCA in the absence of an "employment contract or agreement" between the parties. (R. 36 at 8.) Defendant argues that Plaintiff has failed to plead the existence of such an agreement, which requires the Court to dismiss Brown's IWPCA claim. (*Id.* at 8-9.) Lululemon also submits a related argument, which is that "Plaintiff, a separated

4

employee, fails to allege that her employment contract, or some other manifestation of mutual consent between her and Defendant, somehow entitles her to compensation for recreational-type activities such as 'exercising' or 'listening to inspirational DVD's [*sic*] at home." (*Id.* at 9.)

Lululemon's first argument fails. To state a claim, a plaintiff must plead facts that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Complaint explicitly alleges that Lululemon employed Brown as an educator. (R. 34 at 2.) This allegation certainly infers that the parties entered into an employment arrangement with the benefit of an agreement, if not an employment contract. *See Zabinsky v. Gelber Group, Inc.*, 807 N.E.2d 666, 671 (Ill. App. 1st Dist. 2004) ("An 'agreement' is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons . . ."); *LaBella Winnetka, Inc. v. Vill. of Winnetka*, 628 F.3d 937, 941 (7th Cir. 2010) (noting that a court, in ruling upon a motion to dismiss, must draw "all possible inferences in" the nonmoving party's favor).

The inference of an employment agreement between the parties is distinct, however, from an inference that Lululemon agreed to compensate Brown for the time she spent attending a staff meeting, taking one exercise class per week, and listening to a motivational CD. The Complaint makes no allegation, and nor can the Court reasonably infer, that the parties agreed that Defendant would compensate Brown for such ancillary activities. (R. 34 at *passim*.) It is well established that an employee can have no claim under the IWPCA unless the employer and employee agreed that the former would compensate the latter for the particular work allegedly performed. *See, e.g.*, *Catania v. Local 4250/5050 of Commc'ns Workers of Am.*, 834 N.E.2d 966, 972 (Ill. App. 1st Dist. 2005) ("[A] plaintiff 'seeking to recover under [the IWPCA] does not need to plead all contract elements if she can plead facts showing mutual assent to terms that

support the recovery.") (quoting *Landers-Scelfo v. Corporate Offices Sys., Inc.*, 827 N.E.2d 1051, 1060 (Ill. App. 2d Dist. 2005)); *Stark v. PPM Am., Inc.*, 354 F.3d 666, 672 (7th Cir. 2004) (finding that the plaintiff did not have a claim under the IWPCA because he had "no employment contract setting out the terms of his bonus," and finding this fact to be even more important than the plaintiff's failure to assert an IWPCA claim in his complaint); *Galietta v. Comdisco Holding Co.*, No. 02-CV-7030, 2003 WL 685645, at *3 ("The IWPCA . . . merely requires 'that the employer honor his contract'; it does not confer rights in the absence of a contract."); *Oplchenski v. Parfums Givenchy*, Inc., No. 05-CV-6105, 2009 WL 440959, at *8-9 (N.D. Ill. Feb. 19, 2009) (granting defendants summary judgment because the plaintiffs had "failed to point to evidence showing they had contractual agreements . . . for compensation for which they were not paid").

Plaintiff argues that, because "she was paid according to a formula (hours worked times hourly rate)," it "is sufficient to raise an inference that she and the Defendant had an employment agreement." (R. 38 at 4.) As Defendant points out in its reply, however, the Complaint makes no reference to "hours worked times hourly rate." (R. 39 at 6; R. 34 at *passim*.) *Cf. Landers-Scelfo*, 827 N.E.2d at 1058 ("[B]ecause an employment agreement can be entirely implicit, alleging that an entity paid a worker according to a demonstrable formula for work done is sufficient to raise an inference that the entity and the worker had an employment agreement that embodied that formula.").

The Court does not agree with Defendant, however, that it should dismiss Count I of the Complaint with prejudice. As this is the first time that the Court has had occasion to determine the sufficiency of Brown's allegations under Rule 12(b)(6), the Court dismisses Count I without

prejudice.

## II.     The Complaint Fails to State a Claim Under the FLSA

Count II of the Complaint seeks compensation for Brown and the purported FLSA class for "[t]he time spent . . . attending mandatory exercise classes, after hours meetings both in the store and outside of the store, listening to motivational CD's [*sic*], and attending public events as company representatives." (R. 34 at 8-10.) Lululemon seeks to dismiss this count on the ground that the FLSA only provides remedies for violations of minimum-wage and overtime laws. (R. 36 at 9-12.) Defendant argues that the courts do not recognize FLSA actions for "gap time," which, though uncompensated, does not reduce an employee's total salary below the minimum wage. (*Id.*)

Many courts, both in this district and beyond, have indeed interpreted the FLSA as Lululemon indicates. These decisions hold that the FLSA does not provide a remedy for workers who have received at least the minimum wage for a pay period in which they have not worked overtime. *See, e.g.*, *Ladegaard v. Hard Rock Concrete Cutters, Inc.*, No. 00-CV-5755, 2004 WL 1882449, at *5 (N.D. Ill. 2004); *O'Brien v. Encotech Const.*, No. 00-CV-1133, 2004 WL 609798, at *6 (N.D. Ill. 2004); *Sherman v. Premium Concrete Cutting, Inc.*, No. 01-CV-7263, 2004 WL 1510030, at *2-3 (N.D. Ill. July 6, 2004); *Cuevas v. Monroe St. City Club, Inc.*, 752 F. Supp. 1405, 1416-17 (N.D. Ill. 1990); *see also Monahan v. Cnty. of Chesterfield, Va.*, 95 F.3d 1263, 1276 (4th Cir. 1996); *Hensley v. MacMillan Bloedel Containers, Inc.*, 786 F.2d 353, 357 (8th Cir. 1986); *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 494 (2d Cir. 1960); *Thrower v. Peach Cnty., Ga., Bd. of Educ.*, No. 5:08-CV-176, 2010 WL 4536997, at *5 (M.D. Ga. Nov. 2, 2010); *Nicholson v. UTi Worldwide, Inc.*, No. 3:09-CV-722, 2010 WL

551551, at *5 (S.D. Ill. Feb. 12, 2010); *Thrower v. Peach Cnty., Ga., Bd. of Educ.*, No. 5:08-CV-176, 2010 WL 4536997 at *5 (M.D. Ga. November 2, 2010); *Farris v. Cnty. of Riverside*, 667 F. Supp. 2d 1151, 1161 (C.D. Cal. 2009); *Monger v. Cactus Salon & SPA's LLC*, No. 08-CV-1817, 2009 WL 1916386, at *1 (E.D.N.Y. July 6, 2009); *Abbe v. City of San Diego*, Nos. 05-CV-1629, 06-CV-0538, 2007 WL 4146696, at *14 (S.D. Cal. Nov. 9, 2007).

Plaintiff does not deny that, according to these cases, one cannot bring an action under the FLSA for "gap time" in the absence of overtime work. (R. 38 at 8-9.) Instead, Brown submits that "the better reasoned cases reject this illogical position and find that claims for gap time are implicit in the FLSA." (*Id.* at 9.) Plaintiff relies on *Schmitt v. St. of Kan.*, 844 F. Supp. 1449, 1458 (D. Kan. 1994), which follows *Lamon v. City of Shawnee, Kan.*, 972 F.2d 1145 (10th Cir. 1992). Courts have recognized that *Lamon* is an outlier decision, which adopts a position inconsistent with those of several other circuit courts of appeal. *See, e.g.*, *Farris*, 667 F. Supp. 2d at 1161 ("A majority of courts to address the issue [whether the FLSA provides for gap-time claims] have held that gap time claims are not available under the FLSA. Only one circuit court has held otherwise.") (citations omitted.)

The Court follows the weight of authority and agrees that an employee cannot assert a pure gap-time claim under the FLSA. *Accord Maciel v. City of L.A.*, 569 F. Supp. 2d 1038, 1055-56 (C.D. Cal. 2008) ("[T]he majority of courts have held that employees are not entitled to compensation for such time under the FLSA. Provided the actual number of hours worked divided by the employee's salary at the regular rate does not fall below the minimum wage

8

requirements of the FLSA, a 'pure gap time' claim is untenable.").[2]

Plaintiff seeks to avoid this outcome by arguing that it is illogical that an employee can recover under the FLSA for unpaid time if she worked overtime, but cannot recover for that unpaid time if she did not work overtime. (R. 38 at 8-9.) This seemingly anomalous result is in fact a natural result of the relevant regulations. 29 C.F.R. § 778.315, entitled "Payment for all hours worked in overtime workweek is required," provides that "compensation for the excess hours of overtime work under the [FLSA] cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid." 29 C.F.R. § 778.315. This provision has led a number of courts to recognize claims for unpaid straight time when the

---

[2] Plaintiff suggests that the Seventh Circuit's decision in *Alexander v. City of Chi.*, 994 F.2d 333 (7th Cir. 1993), compels a contrary result. (R. 38 at 9.) The Court disagrees. *Alexander* did not express a definitive opinion on the propriety of an employee's bringing a straight time-gap claim under the FLSA. *Alexander*, 994 F.2d at *passim*. The pertinent question in that case was whether police officers' meal periods were compensable time under the FLSA. The court placed significant weight on *Lamon*, which the Tenth Circuit had decided the previous year, but only with respect to that decision's holding that a law-enforcement employee is "completely relieved from duty during a meal period 'when the employee's time is not spent predominantly for the benefit of the employer.'" *Id.* at 337 (quoting *Lamon*, 972 F.3d at 1155, 1557)). The Seventh Circuit then commented that, "*stated differently*, the 'FLSA requires remuneration for meal periods during which a police officer is unable to comfortably and adequately to pass the mealtime because the officer's time or attention is devoted primarily to official responsibilities.'" *Id.* (emphasis added).
    The Court does not construe the language that the "FLSA requires remuneration" as embracing the view that an employee can assert a pure gap-time claim under the FLSA. The Seventh Circuit's holding was concerned with whether the officers' half-hour meal periods constituted compensable time. *Alexander* did not purport to offer a view on whether employees could bring a claim under the FLSA for unpaid time in a period in which they did not work overtime and when their average compensation did not fall short of the minimum wage. Indeed, the majority, in responding to the dissent's assertion "that the plaintiffs are not entitled to 'automatic compensation' for their meal periods," made clear that the issue in the case was not whether "plaintiffs claim entitlement to win here and now." *Id.* at 339 n.9.

9

employee has worked overtime. *See Wright v. Pulaski* Cnty., No. 09-CV-65, 2010 WL 3328015, at *7 (E.D. Ark. Aug. 24, 2010) (discussing cases). In any event, the Complaint does not allege that Brown worked overtime, and so Count II fails to state a claim. (R. 34.)

The Court declines to dismiss Count II with prejudice, however, as Plaintiff may be able to state a claim if she worked overtime during the relevant period.[3]

## CONCLUSION

For the preceding reasons, the Court grants Defendant's motion to dismiss, without prejudice. If Plaintiff chooses to file a fourth amended complaint, consistent with this Opinion, she must do so on or before March 17, 2011.

Dated: February 24, 2011

                                              **ENTERED**

                                              **AMY J. ST. EVE**
                                              **United States District Court Judge**

---

[3] If Plaintiff does not refile this claim, she will have to allege some other basis for federal jurisdiction.